IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JACOB SYTSMA,<br><br>Plaintiff,<br><br>vs.<br><br>CARGILL, INC. and RAILSERVE, INC,<br><br>Defendants. | CASE NO.<br><br><br><br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Jacob Sytsma states in support of his Complaint and Jury Demand as follows:

### INTRODUCTION

1. This is an action against Cargill, Inc. and Railserve, Inc. for discrimination based on Plaintiff's disability in violation of his rights protected by state and federal law. This action is brought to redress Plaintiff's rights under the Americans with Disabilities Act ("ADA"), as amended by the Americans with Disabilities Act Amendments Act ("ADAAA") (both the ADA and the ADAAA shall be hereinafter referred to collectively as the "ADAAA") (42 U.S.C. §12101 *et seq.*), and the Iowa Civil Rights Act, Iowa Code § 216.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §12101 *et seq*.

3. This Court has supplemental jurisdiction over Plaintiff's claims under the Iowa Civil Rights Act, Iowa Code § 216, pursuant to 28 U.S.C. § 1367

4. The unlawful employment practices described herein were committed within the State of Iowa in Eddyville, Iowa. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff Jacob Sytsma ("Sytsma") is a resident of Tracy, Marion County, Iowa.

6. Defendant Cargill, Inc. ("Cargill") is incorporated in the state of Delaware, with its home office in Wayzata, Minnesota.

7. Defendant Railserve, Inc. ("RSI") is incorporated in the state of Delaware, with its home office in Atlanta, Georgia.

8. Defendant Cargill is a covered entity as defined by the ADAAA, 42 U.S.C. § 12111(2) and 42 U.S.C. § 12111(5), and is an employer within the meaning of the Iowa Civil Rights Act, Iowa Code § 216.

9. Defendant RSI is a covered entity as defined by the ADAAA, 42 U.S.C. § 12111(2) and 42 U.S.C. § 12111(5), and is an employer within the meaning of the Iowa Civil Rights Act, Iowa Code § 216.

10. Defendants Cargill and RSI were joint employers of Plaintiff at all times material to the acts of discrimination described herein.

## FACTUAL BACKGROUND

Sytsma's Disability

11. Sytsma was diagnosed with dyslexia in kindergarten. As a result of dyslexia, Sytsma struggles to read and write without assistance.

12. Sytsma was treated by physicians at the University of Iowa for his dyslexia and associated learning disabilities.

13. In school, Sytsma attended special education classes because of his dyslexia and associated learning disabilities.

14. Sytsma graduated from Twin Cedars High School in Bussey, Iowa in May 2011, earning his high school diploma.

Sytsma's Employment with Cargill and RSI

15. Defendant Cargill operates a corn processing facility in Eddyville, Iowa. Cargill contracts with several outside companies, including RSI, to provide services. RSI provides rail switching services to Cargill at the Eddyville, Iowa facility.

16. Sytsma attended a job fair in Ottumwa, Iowa on or about November 7, 2011.

17. At the job fair, Sytsma filled out an application for employment with Defendant RSI for the position of Operator/Helper at Defendant Cargill's Eddyville facility.

18. Sytsma understood that the Operator/Helper position involved serving as an assistant to a RSI Rail Operator, moving trains and cars around Cargill's Eddyville facility.

19. At the job fair, Sytsma spoke with an RSI representative, C.J. (last name unknown). During that conversation, Sytsma told C.J. that he was "bad at reading." C.J. responded that Sytsma just needed to know numbers.

20. Defendant RSI hired Sytsma for the job of Operator/Helper, and as part of the hiring process Sytsma completed a physical and drug test at Oskaloosa Hospital on or about November 10, 2011, both of which he passed.

21. On or about November 21, 2011, Sytsma reported to the Welcome Center at Defendant Cargill's Eddyville facility for new employee orientation.

22. Sytsma's mother, Kim Sytsma, accompanied him to the new employee orientation. Kim helped Sytsma complete his new employee paperwork.

23. After completing the new employee paperwork, Defendant Cargill required Sytsma to watch a safety video and thereafter take a quiz regarding what he had learned from the video.

24. Because of his dyslexia, Sytsma asked one of the Trainers, Sarah (last name unknown), if someone could assist him with reading the safety quiz questions.

25. Defendants Cargill and RSI denied Sytsma's request for an accommodation of having someone assist him with reading the safety quiz questions.

26. In response to Sytsma's request, Kimberly Hirtz, RSI's Site Leader at the safety training told Sytsma, "if you can't read it isn't safe for you to go to the factory." Hirtz then sent Sytsma home.

27. At some point on November 21, 2011, RSI rescinded the job offer it previously gave Sytsma and effectively terminated his employment. Upon information and belief, RSI terminated Sytsma's employment at Cargill's direction.

28. A few days after Hirtz sent Sytsma home, Kim Sytsma spoke with Hirtz on the telephone.

29. During that telephone conversation, Kim Sytsma reminded Hirtz that Sytsma informed C.J. at the job fair that Sytsma could not read well and that C.J. told her son that all he needed to know was numbers.

30. In response to Kim Sytsma's statements, Hirtz said, "I disagree with that and had that been known, he wouldn't have made it this far."

31. Kim Sytsma later spoke on the telephone with Cargill representative Jeff Anderson. Kim explained what had happened with Sytsma, and asked why RSI rescinded the job offer it previously gave Sytsma and effectively terminated his employment.

32. Anderson told Kim Sytsma that the job of Operator/Helper is dangerous and that if Sytsma could not read he might get hurt. Anderson then said that it has always been Defendant Cargill's policy not to hire a person if the person cannot communicate.

33. Defendants Cargill and RSI failed to initiate and participate in an informal, interactive process with Sytsma regarding his disability (dyslexia) and possible accommodations.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT as amended by the AMERICAN WITH DISABILITIES ACT AMENDMENTS ("ADAAA"), 42 U.S.C. §12101 *et seq.* – DISABILITY DISCRIMINATION – Failure to Accommodate, Failure to Hire, Termination

34. Plaintiff incorporates paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. Sytsma is protected from disability discrimination by the ADAAA because he has a disability or has a history or record of having a disability.

36. At all material times hereto, Sytsma was qualified for the position of Operator/Helper.

37. Sytsma's disability, or history or record of having a disability, or both, was a motivating factor in the Defendants' conduct, as Sytsma's joint employers, including but not limited to, the following: refusing to accommodate his known impairments; refusing to allow anyone to help Sytsma read the safety video quiz and write down his answers to the quiz; and rescinding his offer of employment and effectively terminating him.

38. Sytsma attempted to engage Defendants, as Sytsma's joint employers, in an interactive process in an effort to obtain reasonable accommodations for Sytsma's disability.

39. Defendants' failure to initiate or engage in an interactive process in a good faith attempt to achieve a reasonable accommodation of Sytsma's disability is prima facie evidence that Defendants, as Sytsma's joint employers, acted in bad faith in violation of the ADAAA.

40. Defendants' failure to reasonably accommodate Sytsma's disability is a violation of the ADAAA.

41. Defendants' treatment of Sytsma as set out above constitutes unlawful discrimination against Sytsma because he is disabled as defined by the ADAAA.

42. Defendants' conduct was willful or was undertaken with disregard for Plaintiff's federally protected rights.

43. As a proximate result of the Defendants' actions, as Sytsma's joint employers, as set forth above, Sytsma has suffered and will, in the future, suffer emotional distress, mental anguish, pain and suffering, inconvenience, humiliation, loss of the enjoyment of life, medical expenses, and the loss of wages and benefits

44. Plaintiff requests relief as set forth below.

## COUNT II
## VIOLATION OF THE IOWA CIVIL RIGHTS ACT ("ICRA"), IOWA CODE § 216 – DISABILITY DISCRIMINATION – Failure to Accommodate, Failure to Hire, Termination

45. Plaintiff incorporates paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46. Sytsma's is protected from disability discrimination by the ICRA because he has a disability or has a history or record of having a disability.

47. At all material times hereto, Sytsma was qualified for the position of Operator/Helper.

48. Sytsma's disability, history or record of having a disability, or both, was a motivating factor in the Defendants' conduct, as Sytsma's joint employers, including but not limited to, the following: refusing to accommodate his known impairments; refusing to allow anyone to help Sytsma read the safety video quiz and write down his

8

answers to the quiz; and rescinding his offer of employment and effectively terminating him.

49. Sytsma attempted to engage Defendants, as Sytsma's joint employers, in an interactive process in an effort to obtain reasonable accommodations for his disability.

50. Defendants' failure to initiate or engage in an interactive process in a good faith attempt to achieve a reasonable accommodation of Sytsma's disability is prima facie evidence that Defendants, as Sytsma's joint employers, acted in bad faith in violation of the ICRA.

51. Defendants' failure to reasonably accommodate Sytsma's disability is a violation of the ICRA.

52. Defendants' treatment of Sytsma as set out above constitutes unlawful discrimination against Sytsma because he is disabled as defined by the ICRA.

53. Defendants' conduct was willful or was undertaken with disregard for Sytsma's rights under state law.

54. As a proximate result of the Defendants' actions, as Sytsma's joint employers, as set forth above, Sytsma has suffered and will, in the future, suffer emotional distress, mental anguish, pain and suffering, inconvenience, humiliation, loss of the enjoyment of life, medical expenses, and the loss of wages and benefits

55. Plaintiff requests relief as set forth below.

## COUNT III
## VIOLATION OF THE IOWA CIVIL RIGHTS ACT ("ICRA"), IOWA CODE § 216 – DISABILITY DISCRIMINATION – Aiding and Abetting

56. Plaintiff incorporates paragraphs 1 through 55 of this Complaint as if fully set forth herein.

57. Defendant RSI intentionally aided and abetted Defendant Cargill in engaging in unlawful discrimination against Sytsma as set forth herein by rescinding RSI's offer of employment to Sytsma and effective terminating Sytsma's employment with RSI.

58. Defendant Cargill intentionally aided and abetted Defendant RSI in engaging in unlawful discrimination against Sytsma as set forth herein by disqualifying him from entering its premises due to him bringing his mother to help him through the new employee orientation class.

59. Defendants' conduct, as Sytsma's joint employers, was willful or was undertaken with disregard for Sytsma's rights under state law.

60. As a proximate result of the Defendants' actions as set forth above, Sytsma has suffered and will, in the future, suffer emotional distress, mental anguish, pain and suffering, inconvenience, humiliation, loss of the enjoyment of life, medical expenses, and the loss of wages and benefits

61. Sytsma requests relief as set forth below.

**RELIEF**

Plaintiff respectfully requests the Court grant the following relief against Defendants jointly and severally:

**COUNT I**

A.      Enter a judgment against Defendants jointly and severally for violating Plaintiff's rights under the ADAAA;

B.      Grant equitable relief to ensure that Defendants will not in the future engage in any employment practice which discriminates on the basis of disability and violates the ADAAA;

C.      Order Defendants jointly and severally to make Plaintiff whole by awarding him lost earnings and the value of his lost benefits and order the reinstatement of Plaintiff to the position originally offered to him or award him front pay in lieu of reinstatement;

D.      Order Defendants to jointly and severally make Plaintiff whole by providing compensation for pecuniary losses including, but not limited to, costs to be incurred for health and life insurance premiums and costs associated with seeking new employment;

E.      Order Defendants jointly and severally to make Plaintiff whole by providing compensation for non-pecuniary losses, including without limitation,

emotional distress, mental anguish, pain and suffering, inconvenience, humiliation and the loss of the enjoyment of life;

F. Award Plaintiff punitive damages against Defendants jointly and severally for acting with malice or reckless indifference in violating the Plaintiff's protected rights under the ADAAA;

G. Award Plaintiff, against Defendants jointly and severally, a judgment for his reasonable attorney fees and costs pursuant to the ADAAA;

H. Award pre-judgment interest, against Defendant jointly and severally, as allowed by law; and

I. Grant such further relief as the Court deems necessary and proper.

## COUNTS II AND III

J. Enter a judgment against Defendants jointly and severally for violating Plaintiff's rights under the ICRA;

K. Grant equitable relief to ensure that Defendants will not in the future engage in any employment practice which discriminates on the basis of disability and violates the ICRA;

L. Order Defendants to jointly and severally make Plaintiff whole by awarding him lost earnings and the value of his lost benefits and order the reinstatement of Plaintiff to the position originally offered to him or award him front pay in lieu of reinstatement;

M.     Order Defendants to jointly and severally make Plaintiff whole by providing compensation for pecuniary losses including, but not limited to, costs to be incurred for health and life insurance premiums and costs associated with seeking new employment;

N.     Order Defendants to jointly and severally make Plaintiff whole by providing compensation for non-pecuniary losses, including without limitation, emotional distress, mental anguish, pain and suffering, inconvenience, humiliation and the loss of the enjoyment of life;

O.     Award Plaintiff punitive damages against Defendants jointly and severally for acting with malice or reckless indifference in violating the Plaintiff's protected rights under the ICRA (Plaintiff understands that the Iowa Supreme Court is currently considering whether punitive damages are presently allowed under Iowa Code Chapter 216; Plaintiff believes in good faith that the law is clear that punitive damages are allowed under Iowa Code Chapter 216);

P.     Award Plaintiff, against Defendants jointly and severally, a judgment for his reasonable attorney fees and costs pursuant to the ICRA;

Q.     Award pre-judgment interest, against Defendants jointly and severally, as allowed by law; and

R.     Grant such further relief as the Court deems necessary and proper.

## VII. JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues herein.

Respectfully submitted,

/s/ *Thomas W. Foley*
Thomas W. Foley AT 0002589
David H. Goldman AT 0001912
Katie Ervin Carlson AT 0008958
Babich Goldman, P.C.
501 S.W. 7th Street, Suite J
Des Moines, Iowa 50309
Telephone: (515) 244-4300
Facsimile: (515) 244-2650
E-Mail: tfoley@babichgoldman.com
E-Mail: dgoldman@babichgoldman.com
E-Mail: kcarlson@babichgoldman.com

ATTORNEYS FOR PLAINTIFF

Original filed.